**SO ORDERED.**

**SIGNED this 24 day of July, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERIOR RESOURCES, INC., ) | Case No. 03-13110 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| ) | |
| STEVEN L. SPETH, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adversary No. 05-5246 |
| ) | |
| EXSERV, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This case comes before the court on defendant's motion for summary judgment. (Doc. 25.)
Defendant's motion is GRANTED for the reasons set forth herein.

## I. FACTS[1]

Interior Resources, Inc. ("Debtor") employed Exserv ("Defendant") to build up and tear down workstations at Debtor's office in Dallas, Texas. (Doc. 26, exh. A, B, C.) Defendant prepared invoices for the work on February 23, 2003, March 10, 2003, and March 18, 2003. (Doc. 15, exh. A, B, C.) Defendant's invoice dated February 23, 2003, instructed debtor to remit payment within 15 days of receipt of the invoice. (Doc. 26, exh. A.) Defendant's later invoices allowed 20 days for payment of the invoice. (Doc. 26, exh. B, C.) Defendant did not receive payments from debtor until April 17, 2003, and May 14, 2003. (Doc. 26, exh. D, E.) On June 10, 2003, debtor filed its bankruptcy petition. (Doc 15, exh. C.) Bankruptcy trustee Steven L. Speth ("Plaintiff") filed a complaint with the court on May 26, 2005, objecting to the payment from debtor to defendant as a preferential transfer under 11 U.S.C. § 547. (Doc. 1.) Defendant in its answer raised its defenses under 11 U.S.C. § 547(c)(1) and § 547(c)(4). (Doc. 5.) Plaintiff then filed a motion for summary judgment, asserting he was entitled to the money as a matter of law under § 547. (Doc. 25.)

## II. MOTION FOR SUMMARY JUDGMENT

The parties are familiar with the standards pertaining to summary judgment. There are no facts in dispute and neither party has objected to resolution of this matter by way of summary judgment.

## III. ANALYSIS

Plaintiff now seeks summary judgment on whether he may avoid debtor's transfer to defendant as preferential. The facts are undisputed and the question is one of law; therefore, summary judgment is appropriate. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir.

---

[1] Defendant failed to respond to plaintiff's motion for summary judgment. The court will consider plaintiff's facts uncontroverted. Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996)

1998).

Plaintiff argues that the transfer from debtor to defendant was preferential in that it was made less than 90 days before debtor filed its bankruptcy petition, in violation of 11 U.S.C. § 547(b)(4)(A). There is no dispute that debtor's payments to defendant were outside defendant's ordinary business terms. Debtor made payments after the 15 or 20-day period allowed by defendant. There is no dispute that these transfers occurred within the 90 days before debtor filed its bankruptcy petition. The issue before the court is whether the transfer was a contemporaneous exchange for new value furnished by defendant, allowing the transfer under § 547(c)(1). The court concludes it was not.

Defendant has provided no evidence to support its position that it furnished new value to debtor. Plaintiff has shown that debtor's payments perfectly match the amounts defendant invoiced from February 23, 2003, to March 18, 2003. As there is evidence that debtor's transfer was preferential, the court finds that plaintiff may avoid the transfer.

## IV. CONCLUSION

The Court therefore GRANTS plaintiff's motion for summary judgment. (Doc. 25.) It is SO ORDERED.

# # #